E-FILED
Friday, 19 August, 2016  01:14:13 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| EDWARD FRANKLIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | NO. 16-3189 |
| | ) | |
| UNITED STATES OF AMERICA , | ) | |
| | ) | |
| Respondent. | ) | |

OPINION

RICHARD MILLS, U.S. District Judge:

Petitioner Edward Franklin has filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct his Sentence.  This is the initial consideration of the Petitioner's motion.  The Court determines that no evidentiary hearing is warranted.

Following a plea of guilty to conspiracy to distribute 100 or more grams of heroin, in violation of 21 U.S.C. §§ 846 & 841(b)(1)(B), the Petitioner was sentenced to 180 months imprisonment.  See United States v. Edward Franklin, 3:13-cr-30050-RM-TSH-1.

The Petitioner seeks relief under § 2255 based on Johnson v. United

States, 135 S. Ct. 2551 (2015), and developing case law.  In Johnson, the United States Supreme Court held as unconstitutionally vague the "residual clause" of the Armed Career Criminal Act (ACCA), a catch-all provision that deems any crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another" a "crime of violence." Id. at 2556.  The Petitioner was designated as a career offender and the Career Offender Guideline has a catch-all provision, U.S.S.G. § 4B1.2(a)(2), which mirrors the ACCA's residual clause.  The Seventh Circuit is considering what effect, if any, Johnson has on the Career Offender Guideline.  See e.g., United States v. Rollins, No. 13-1731 (7th Cir. argued Dec. 2, 2015); United States v. Hurlburt, No. 14-3611 (7th Cir. argued Dec. 2, 2015); United States v. Gillespie, No. 15-1686 (7th Cir. argued Dec. 2, 2015).

Even if the Seventh Circuit determines that the catchall provision of the Career Offender Guideline is also unconstitutionally vague, the Petitioner would still not be entitled to any relief.  As the Petitioner states, the convictions that qualified him as a career offender were (1)

Manufacture/Delivery of a Controlled Substance; and (2) Attempted First Degree Murder.

The Petitioner's assertion that the second predicate conviction falls under the residual clause is incorrect.  Attempted murder is a "crime of violence" within the meaning of the federal Sentencing Guidelines.  Hill v. United States, __ F.3d __, 2016 WL 3513408, at *1 (7th Cir. June 27, 2016).  U.S.S.G. § 4B1.2(a)(1) defines a "crime of violence" as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year that has as an element the use, attempted use, or threatened use of physical force against the person of another."  Application Note 1 provides that a "crime of violence" includes the offense of "attempting to commit such offenses."

Accordingly, attempted murder falls under § 4B1.2(a)(1), not the residual clause contained within § 4B1.2(a)(2).  The Petitioner's controlled substance offense is under § 4B1.2(b).  Those two offenses qualify the Petitioner as a career offender regardless of whether the rule in Johnson is ultimately determined to apply to the catch-all provision or residual clause

3

of the career offender guideline.

Based on the foregoing, the Petitioner is not entitled to any relief under § 2255.

An appeal may be taken if the Court issues a certificate of appealability.  See 28 U.S.C. § 2253(c)(1)(A).  Because the Petitioner has not "made a substantial showing of the denial of a constitutional right," see 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability under Rule 11 of the Rules Governing Section 2255 Proceedings.

Ergo, the Motion under 28 U.S.C. § 2255 of Edward Franklin to Vacate, Set Aside or Correct Sentence [d/e 1] is DENIED.

The Court declines to issue a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings.

The Clerk will terminate any pending motions and close this case.

ENTER: August 18, 2016

FOR THE COURT:

s/Richard Mills
Richard Mills
United States District Judge